## HAGUE v. UNITED STATES.
### No. 14846.

United States Court of Appeals
Fifth Circuit.

July 30, 1954.

Zach H. Douglas and Al L. Schneider, Jacksonville, Fla., for appellant.

Thomas A. Larkin, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., S. D. Florida, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and RICE, District Judge.

RICE, District Judge.

Tried to a jury and found guilty of transporting a stolen motor vehicle from the State of Georgia to the State of Florida, defendant has appealed.

During the trial two written statements signed by the defendant were admitted in evidence and read to the jury. Defendant does not here complain of the action of the court in admitting in evidence those portions of the written instruments wherein defendant confessed to the commission of the crime for which he was being tried; but he does contend that the court committed reversible error in receiving in evidence and permitting to be read to the jury those portions of said instruments wherein the defendant admitted he was guilty of other independent crimes for which he was not then on trial.

Exhibit No. 2, the first confession signed by the defendant, was offered in evidence by the government and was tendered to and examined by defendant's counsel. The latter thereupon made the objection that the proffered statement "is not a statement of the defendant, but a statement made from notes made of the statement."

This objection being overruled by the court, Exhibit No. 2 was read to the jury, wherein the defendant confessed not only to his guilt of the crime for which he was being tried, but to the theft of other cars as well.

Immediately on the conclusion of the reading of such statement to the jury, the court, of its own motion, charged the jury as follows:

"Let me say a word to the jury. That document, to the extent that it relates to the commission of any other offenses other than the offenses charged here, should not be considered by you. That is to say, this man is charged with a particular offense. First, in transporting the Georgia Ford into this State, knowing it was stolen, and under the second count, receiving it and conceal-

ing it in Florida, knowing it had been stolen and transported.

There is evidence of picking up other cars on the street and picking up another car at the ball park in Gainesville. All of those matters are here because they are part of this single statement that relates to other transactions, but you should not consider those other transactions in connection with the charges here."

Thereafter, the government proved up and offered in evidence as Exhibit No. 3, another signed statement of defendant pertaining not only to the crime for which he was then being tried, but admitting the theft of the other cars referred to in Exhibit No. 2.

To the introduction of Exhibit No. 3, the defendant's counsel stated to the court that he had no objection.

In his charge to the jury the court again instructed the jury: "Anything that came into evidence that you heard, and I told you to disregard it, you should be guided by that instruction also."

▇ We are of the opinion that the foregoing do not constitute reversible error.

Defendant was represented by counsel who was afforded an opportunity to read Exhibit No. 2 when it was offered in evidence, and his objection thereto wholly failed to call the objectionable portion of the confession to the attention of the trial judge. The latter had not read the proffered exhibit, and, indeed, had no occasion to read it in view of the objection made by counsel for defendant. When the confession was read to the jury the trial judge immediately, and upon his own motion, carefully and fully instructed the jury to disregard all portions of the confession except that pertaining to the stealing and transportation of the car covered by the indictment. Defendant's counsel did not except to the court's instruction to the jury, did not request any additional instruction in reference to the matter, did not except to any portion of the court's charge, and made no complaint in reference to the matter until after the trial.

If timely and proper objection had been made the trial court would doubtless have excluded from the jury that portion of defendant's confession relating to independent crimes. The error, if any, was invited. The trial court promptly, and of its own motion, did everything that could be done to remove the harmful effect of the receipt by the jury of the inadmissible testimony.

▇ We have reviewed the remaining assignments of error, and, being of the opinion that the verdict of the jury was based upon ample testimony, that the court's charge fully and fairly covered the case, and that no reversible error was committed, the judgment of the trial court is

Affirmed.